## Combs v. Brock.

(Decided October 23, 1931.)

S. M. WARD, W. C. EVERSOLE and CARL F. EVERSOLE for appellant.

J. B. WALL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

At the last August primary, A. B. Combs and Hiram M. Brock were opposing candidates for the Republican nomination for the office of State Senator from the Thirty-Third senatorial district. Brock received a majority of the votes, and was awarded the certificate of election. Combs contested on numerous grounds. A demurrer was sustained to each paragraph of the petition and the petition was dismissed. On appeal it was held that the petition was sufficient in so far as it alleged a violation of the Corrupt Practices Act by bribery, and the case was remanded for a trial on that issue. A. B. Combs v. Hiram M. Brock, 240 Ky. 269, 42 S. W. (2d) 323. On final hearing after the return of the case it was held that Brock was entitled to the nomination, and judgment was entered accordingly. Combs appeals.

It is first insisted that the circuit judge improperly delayed the hearing. There is no merit in this contention. Not only did the circuit judge proceed with promptness and dispatch, but there is no showing that even the short delay deprived appellant of the opportunity to offer further evidence.

Another contention is that the circuit judge erred in requiring the proof to be taken orally in his presence. The basis of this contention is that appellant could not get witnesses who were willing to testify in the presence of the court. The statute provides that the court may examine the witnesses orally, or require the parties to take the evidence by depositions in the discretion of the court, or as may be agreed by the parties. Chapter 50, Acts 1931, section 1550-28, Kentucky Statutes, Baldwin's 1931 Supplement. Here there was no agreement, and the method of taking the proof was discretionary with the court. The only question is: Do the facts present a case of abuse of discretion? In the first place, an early decision of the contest was not only in the interest of the contestant, but was absolutely necessary in view of the fact that the name of the successful candidate had to be

certified and placed on the ballot in time for the November election, and the oral examination of the witnesses contributed to that end. In the next place, there is no reason why a witness who intends to tell the truth, and is worthy of belief, should be more afraid to testify in the presence of the court than in the presence of an examiner or a notary public, and the mere fact that such a possibility was suggested falls far short of showing that the court abused a sound discretion in not taking the evidence by deposition.

The further point is made that the court should not have appointed the official stenographer, who was unfriendly, to take the evidence, out should have appointed some other stenographer. The statute provides that if the evidence be taken orally, either party may have the right to require it to be taken by the official stenographer or the reporter of the court, and transcribed and paid for as evidence in other civil actions. Chapter 50, Acts 1930, section 1550-28, Kentucky Statutes, Baldwin's 1931 Supplement. Thus it will be seen that there is no provision for the appointment of a stenographer other than the official stenographer of the court, and where the official stenographer has been appointed it will be presumed without more that it was on request of one of the parties to the action. As the court followed the statute in appointing the official stenographer, and there is no showing that the official stenographer was incompetent or corrupt, or that her notes were not correctly transcribed, it is impossible to perceive how appellant's rights were adversely affected by the appointment.

Much of the time of the court was consumed in an effort to show intimidation, coercion, and other irregularities in the conduct of the election, and it is claimed that the court erred in excluding this evidence. The argument is that the case was remanded for the purpose of hearing evidence on the violation of the Corrupt Practices Act (Ky. Stats., sec. 1565b1 et seq.), and that act condemns intimidation and coercion, as well as bribery. This contention overlooks the fact that the case was remanded for a trial on the single question whether either candidate had violated the provisions of the Corrupt Practices Act by bribing voters to cast their ballots for him, or procuring others to do so with his knowledge and consent. That being true, evidence as to other irregularities in the election, or as to other violations of

the Corrupt Practices Act, was wholly irrelevant to the issue involved, and was therefore properly excluded.

Complaint is made of the alleged refusal of the court to require Brock to testify. If Brock had declined to testify, and the court had refused to require him to testify, a different question would be presented. But that is not the case. At the conclusion of appellant's evidence his counsel announced that he desired to call Brock for cross-examination, and notified the court that Brock was present in open court. Objection was made on the ground that Brock had not been served with notice. The court reserved his ruling on the objection until later. At that point the court adjourned to meet the following morning. When the court met, contestant withdrew his motion "for the present" to call Senator Hiram M. Brock to testify on cross-examination. It does not appear that this motion was ever renewed or that the court was ever asked to pass on the question. In the circumstances appellant is not in a position to complain of the failure of the court to require Senator Brock to testify.

In his effort both to show a conspiracy to bribe, and actual bribery, appellant called a number of witnesses, but, with the exceptions hereinafter noted, failed to show by them that any money was spent in the purchase of votes, or was even contributed for that purpose. The witnesses who testified to alleged acts of bribery are Sandy Taylor, Odell Hanna, W. A. Brock, and J. G. Gross, and we shall proceed to a consideration of their evidence.

According to Sandy Taylor, who had been preaching the Word for about 20 years, Mrs. Hiram M. Brock, the wife of contestee, was at the Black Motor precinct in the town of Harlan on the day of the election and handed him $5, which he gave to five voters after they had voted. Though on being asked if it was in dollar bills he first said, "I could not pulverize my mind to say just exactly what it was," he finally stated that it was in dollar bills. He further stated that Senator Brock was not at the polls, and that Mrs. Brock did not ask him to vote. On being recalled and confronted by Mrs. Brock, he admitted that she was not the woman who gave him the money. With this admission there was nothing in his evidence connecting Senator Brock in any way with the alleged transaction, and the court did not err in disregarding the evidence.

Odell Hanna, who came to Harlan from Louisiana, and who is not engaged in regular work, testified that on the day of the election he was at the Black Motor precinct, and Senator Brock came there about 8:30 in the morning and gave him a dollar for his vote, while there were several people standing around. After the witness left the stand he was arrested on a warrant charging him with perjury and taken to jail. Later on he came into court and admitted that the evidence he had previously given was false. He further stated that he had not received any word from Senator Brock or any of his friends that if he would come into court and take his evidence back they would let him out of the jail. The reason that he said he would take it back was that his people had told him he would be punished if he did not tell the truth. In explanation of his former evidence, he stated that a man had come to him and told him that, if he would testify that Senator Brock paid him a dollar for his vote, he would give him $50. As the witness admitted that his evidence was false, thus presenting a case where he lied either on his first or second examination, the action of the court in rejecting his evidence was clearly proper.

During the course of his examination, W. A. Brock, contestee's brother, stated that he saw Mrs. Hiram Brock paying a taxi driver for his services in hauling voters to the polls. It was a bill of some kind, but he did not remember the denomination. We have ruled that a candidate may hire conveyances for the purpose of taking voters to and from the polls just so the support of the person whose vehicle is hired is not a part of the consideration, or the compensation so large as to justify the inference that it was paid for the purpose of obtaining his support or influence. Van Meter v. Burns, 176 Ky. 153, 195 S. W. 470. There being no showing that the taxi driver was hired in consideration of his support, or that the money paid him was more than the usual price of the services rendered, it is at once apparent that the evidence in question was not sufficient to show a violation of the Corrupt Practices Act.

The only other evidence given on the question of bribery was that of J. G. Gross, who says that he saw Shady Fugate on the day of the election; that Fugate had in his shirt pocket a roll of money which looked to be about $100 in bills; that Fugate went into the election room off the polls, and when he came out in about fifteen minutes he did not have the money in his shirt pocket.

This evidence does not show that the money was used to buy votes, to say nothing of the fact that it was used for that purpose with the knowledge and consent of Senator Brock.

In view of the foregoing, it is at once apparent that no decision other than that rendered by the circuit judge was possible.

Judgment affirmed.

Whole court sitting, except Judge REES, who is absent.