# Taylor v. Knuckols.

March 28, 1941.

Henry L. Bryant for appellant.

James S. Wilson and Sampson B. Knuckles for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the regular November election in 1940 the appellant and plaintiff below, Henry Taylor, and the appellee and defendant below, W. L. Knuckols, Sr., were rival candidates for the office of member of the Board of Education for Bell County from its educational district No. 2. The canvassing board certified that there were cast at the election for plaintiff 379 votes, and for defendant

496 votes. Within the time prescribed by the provided statutory remedies plaintiff filed his petition against defendant in the Bell circuit court asking for dual relief, i. e., recount of the ballots—since he claimed that it would disclose his election—and a contest of defendant's prima facie election. The grounds for the latter relief were more or less various, consisting of alleged violations of the Corrupt Practice Act (Kentucky Statutes, Section 1565b-1 et seq.) by defendant wherein he bribed votes that were cast for him, and that others did likewise with his knowledge, consent and acquiescence; that many votes cast for him were given by parties who had not registered as required by law, and who were thereby disqualified to vote; that many votes were cast for him by the voters marking the ballot on the table without the filing of an affidavit permitting that practice; that defendant was not, and plaintiff was eligible for the office; that many ballots were cast and counted for defendant which were not countersigned on the back by any officer of the election; that there was not provided or used at the election a separate ballot box for the school election, and that the school ballots were deposited in the same box with ballots cast for presidential electors, a member of Congress and a United States Senator. For each and all of said reasons plaintiff prayed that he be adjudged the legally elected member of the county school board from his district No. 2 in Bell county.

The petition was filed on December 5, 1940, and on the 27th day of the same month—and while the court was in vacation—defendant lodged with the clerk of the court a general demurrer to plaintiff's petition, a motion to strike therefrom and a motion to make certain paragraphs of it more specific, definite and certain. Without waiving any of those preliminary steps he filed his answer, each and all of which were marked filed by the clerk, but it does not appear that he made any entry thereof on any record of the court. When the court convened for its regular January, 1941, term, plaintiff moved that each and all of said pleadings and motions be stricken, on the ground that they were lodged with the clerk without notice to him, and that the clerk did not enter their filing on any court record, but merely indorsed each of them as filed by him. Before that motion was acted on defendant moved the court that each and

all of his filings before the clerk in vacation be entered of record, which motion was sustained by the court, followed by the proper order to that effect, and plaintiff's motion to strike them was overruled.

The court then took up for consideration and passed on defendant's motions to strike certain parts of the petition, and the one to make certain parts of it more definite and certain. He sustained each motion in part and overruled it as to other parts of plaintiff's petition, but none of such rulings impaired plaintiff's cause of action as based upon defendant's violation of the Corrupt Practice Act, since he was not compelled to name the voters who were bribed, or so unlawfully corrupted. See Combs v. Brock, 240 Ky. 655, 42 S. W. (2d) 895, and Humbert v. Heyburn, 240 Ky. 405, 42 S. W. (2d) 538. Nor did the court's rulings in any particular deprive plaintiff of the right to have a recount of the ballots cast at the election. Proof by plaintiff may have been taken to establish his charge of bribery, regardless of any ruling of the court as to the sufficiency of his pleading charging it, and on final submission he could offer to introduce that proof without conforming to the court's ruling, if erroneous, and thereby preserve the point for review by this court on appeal from any final judgment in the cause. So that, whether or not the court's rulings on the various matters referred to were correct or incorrect, plaintiff still remained in court upon his two grounds for relief of defendant's bribery of voters, and his right to have the ballots recounted. The burden was on him to establish his charge of bribery as well as to a recount, since each cause of action was denied in defendant's answer which the court permitted to be filed. Upon the entry of the rulings of the court referred to, plaintiff was given until January 28, 1941, to reform his petition if he could or desired to do so in order to conform to such rulings; but he declined to do so, and at the expiration of the time given him for that purpose he caused to be entered this order: "To the end that a final adjudication may be had of the questions involved in this case before a large and expensive record accumulates, and to the end of economy and certainty, the plaintiff declines to comply with the former ruling of the Court to make his petition more definite and certain, and declines to proceed to prepare this case further or to take any proof on the merits, and the

court thereupon orders that the petition herein be, and the same is hereby, dismissed, and the plaintiff will take nothing by reason thereof, to which action and ruling of the .court the plaintiff objects and excepts and prays an appeal to the .Court of Appeals from this final order and ruling of the Court, which appeal is hereby granted." From that judgment he prosecutes this appeal.

It requires no argument to prove that the rulings of the court prior to the dismissal of the petition were but interlocutory orders, and which could be reviewed by this court on ·appeal from a final judgment in the case, provided the appellant complaining of them did nothing thereafter to disarm himself of that right. As we have pointed out plaintiff's contest of the election remained untouched by any of the rulings of the court as it was based upon violations of the Corrupt Practice Act by defendant, and his right for a recount of the ballots. But instead of going forward and trying out his case on those two issues, he declined to introduce any proof establishing his charge of bribery, or his right to have a recount, both of which were put in issue by defendant's answer. Instead he "folded up and passed," by agreeing that the court might enter final judgment on the pleadings as they stood after the court's rulings on such preliminary matters as evidenced by its prior interlocutory orders, thus presenting only the question of their propriety, but from which a direct appeal to this court does not lie. It was his duty to go forward with his proof to establish one or both of the meritorious grounds for the relief sought by him, ·and if the court determined them adversely to him and dismissed his petition, an appeal therefrom would have brought up for review all adverse interlocutory rulings in the cause.

By this appeal he seeks to have only such interlocutory rulings reviewed in order—as the record shows in the inserted excerpt—to save the accumulation of "a large and expensive record and to the end of economy and certainty." He, therefore, declined "to proceed to prepare this case further or to take any proof on the merits." There was then nothing left that the court could do, except to dismiss his petition, since the burden rested on him to prove the two material issues left in the case, the determination of either of which would be a final judgment from which an appeal would lie to

this court. By this appeal he seeks to get back into the game, but under the settled practice—as long since determined—we are without authority to grant such relief, and he may not now complain on this appeal of the consequences of the course he voluntarily pursued. We have not gone into the merits of the court's rulings on the matters hereinbefore referred to, since it is not necessary or required in the condition of the record, nor have we authority to do so.

Wherefore, for the reasons stated, the judgment is affirmed.